**BEN HONG ZHU, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.***

No. 13–3276.

United States Court of Appeals, Second Circuit.

July 6, 2015.

Ben Hong Zhu, Houston, TX, pro se.

Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E.

PRESENT: DENNIS JACOBS, PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Ben Hong Zhu, a native and citizen of the People's Republic of China, seeks review of an August 2, 2013, decision of the BIA denying his motion to reconsider. *In re Ben Hong Zhu,* No. A099 934 642 (B.I.A. Aug. 2, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because Zhu petitions for review of the denial of a motion to reconsider, but not from the underlying decision for which reconsideration is sought, we review only the denial of his motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). The BIA did not abuse its discretion in concluding that Zhu failed to specify any error of law or fact in its prior decision denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao v. Mukasey,* 546 F.3d 138, 173 (2d Cir.2008). Zhu's sole argument is that he demonstrated changed conditions in China based on letters from his wife and village committee stating that the Chinese government seeks to punish him for proselytizing. However, in view of the agency's underlying adverse credibility determination, the BIA reasonably rejected Zhu's assertion of changed conditions because that assertion was supported solely by evidence that depended upon Zhu's veracity: an unauthenticated and unsigned committee letter and an unsworn letter purportedly from his wife. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–49 (2d Cir.2007).

---

Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

Accordingly, the BIA did not abuse its discretion in denying Zhu's motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao,* 546 F.3d at 173.

For the foregoing reasons, the petition for review is DENIED.